[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR MODIFICATION DATED OCTOBER 3 AND OCTOBER 31, 2001
Both the plaintiff and the defendant have filed motions for modification. The defendant claims there has been a substantial change in circumstances in the defendant's income and requests "that the judgment be modified with respect to the order for payment of child support, and that child support be recalculated in accordance with the Child Support Guidelines.
The current orders for alimony and support were entered on August 6, 1998. At that time, the defendant was unemployed and he has since obtained employment. At the time of the decree, his gross income was $903 per week, a net of $630. His gross income now is $792 per week and a net of $622, after computing his income tax withholding in accordance with the tables and considering he has an exemption for one of the children. Originally, the court ordered alimony until the youngest child, Kristin, reached the age of eighteen unless sooner terminated by death of either of the parties, or the plaintiff's remarriage or cohabitation. None of those events have occurred.
The evidence has demonstrated that the plaintiff's gross income is but $36.00 per week less than the defendant's. Her net income by reason of head of household income brackets is more than the defendant's by $8.00, $630 for the plaintiff and $622 for the defendant. The plaintiff has just purchased a home in Bethlehem, Connecticut, and put down $20,000 toward the purchase, the house costing $173,000. She has $2,000 in savings and checking, $1,000 in cash value of life insurance and $4,000 in a 401 (k). She owes $5,000 on a Sallie Mae loan. The defendant, on the other hand, has assets totaling $1,600 and credit card debt of $4,500. He is living in an efficiency apartment with one room.
In determining whether to continue the present alimony order of $1.00 CT Page 15312 per year or to return to the original order of $45.00 per week, the court has considered all of the factors of § 46b-82 of the General Statutes. The issue of the amount of alimony lies in the sound discretion of the court. Our alimony statute does not recognize an absolute right to alimony. Here the financial circumstances of the wife are considerably better than those of the husband. The court, therefore, does not modify the order of the court with regard to alimony and leaves it at $1.00 per year. The original term of alimony shall continue as ordered at the last modification.
With regard to the issue of support, the court does find a substantial change of circumstances in accordance with the provisions of § 46b-86
(a) of the General Statutes. The court grants the defendant's Motion for Modification dated October 3, 2001, and modifies the order for support of August 6, 1998, effective November 8, 2001. Support shall be $153 per week plus 37.46% of the unreimbursed medical expenses of the minor children.
The plaintiff's motion for immediate order for wage withholding is granted and the court orders an automatic wage withholding order. The plaintiff's Motion for Modification is denied.
The plaintiff's Motion for Contempt Post Judgment is denied. However, the court orders that the defendant provide proof of life insurance through his employer within two weeks of this date. If the defendant is unable to provide such proof within this period of time, he should make a motion for extension of time and address this motion to the court.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE